Good morning, your honors. May it please the court, Jim Bach on behalf of the appellant, Show Media California. What I want to stress this morning is that this is not a case about balancing free speech rights versus safety and aesthetics. This is a case about who gets to speak. The city's ordinance allows an existing billboard to remain in place indefinitely. Can I just stop you and get some preliminary information? I really had a little bit of trouble understanding what was in front of us here. Because the blue brief says we're challenging only the rebuild provision. And of course the rebuild provision doesn't apply directly to your client. So if we construe it though as challenging the sign ordinance itself and saying that the sign ordinance is fatally undermined by the rebuild provision, then the district court's decision below says your challenges to the old sign ordinance and the ICO are moved, at least for perspective relief, and you haven't challenged the new sign ordinance. So I'm wondering what you're challenging and whether we could look at a challenge at the new sign ordinance and whether that's included in your complaint, or what do we have before us here? Well, your honor, I think what we have before you, it is a challenge to the old sign ordinance because the rebuild provision renders it unconstitutional, at least as applied to my client. It's not in effect anymore. You're seeking injunctive relief against a statute that's been superseded. Well, my client would still be entitled to damages for the wrongful denial of the permits. So are you seeking damages? Is that because it didn't seem like the district court ruled on that issue. So I don't know if you were seeking damages before the district court. Did the district court deny you damages when you were appealing that ruling? Your honor, the district court denied the challenge to the rebuild provision. It didn't separate out particular aspects of relief. Okay. So if we're only looking at the rebuild provision, the rebuild provision doesn't apply to your client. So I think that goes to the standing question that we asked the parties. Even if we said, yes, the rebuild provision is unconstitutional and struck it down, it's invalid, that would have no effect on your client. Well, your honor, it's not a question of – the issue is not that allowing existing signs to be partially rebuilt is what prejudices my client. What prejudices my client is that the city, on the one hand, denies show media the right to come in and replace an existing billboard with a billboard of the same size. But that's under the other parts of the ordinance. That's my confusion because I can understand the challenge to the sign ordinance. And you say the sign ordinance prevents us from going out and having an off-site sign. And the reasons the city gives are fatally undermined by this exception, this rebuild provision. I can understand that argument. But if the only thing before us is the rebuild provision, I just don't understand how that affects you. And maybe it wasn't stated as clear as it should be. I mean, we are more challenging the sign ordinance. Okay, so the new one? Because the district court said you didn't – that's not before me. The district court said in a couple of places the parties have not made any arguments about the new sign ordinance. Well, that's – right. We were – the focus there was on the denial because the permits were denied under the – what is now the old sign ordinance. So that was the issue that was directly before the court. But the challenge was to the sign ordinance, it was just simply that the focus of the discussion and the focus of the briefing of the parties has been on the rebuild provision because that's what renders the sign ordinance and specifically the denial of my client's permit applications improper. So was the district court – are you arguing the district court was wrong in saying that there was no challenge to the new sign ordinance? No, I'm saying that the – I'm saying that the district court's ruling on the challenge to the old sign ordinance was incorrect. For purposes of damages? And because that – she said it's moot because it's gone. Well – It's superseded. But my client – The challenges to the old sign ordinance are all moot. Didn't you have to amend your complaint or take some other step to challenge the new sign ordinance before we can hear this argument? I guess I'm confused about how you – how we can adjudicate a challenge to a sign ordinance that doesn't exist anymore. Well, Your Honor, it's more specifically it's a challenge to the denial of permits. And it's the city that's saying we deny these permits based on the law as it existed at the time. So it's – the city is relying on the old sign ordinance for purposes of this case. That's the basis for their authority. And if that sign ordinance was rendered unconstitutional by the rebuild provision, then that means the city isn't entitled to rely on it and that they wrongfully deny my client's permits. But we couldn't grant injunctive relief because the statute's no longer on the books. That – injunctive relief as to a – as to the new ordinance, perhaps, but – Well, the new ordinance hasn't been brought in front of the court. What the district court said is that there's been no effort to bring the new ordinance to the court, so all we have is the old ordinance and, I guess, potentially a damages claim because of the denial of permits. Well, that would – that would – Conceptually, I could understand what you're trying to say is that the rebuild provision hasn't changed, but I don't see anything that's brought the new ordinance to the court, either at the district court level or even us. And I look at the briefs and there's talk about the rebuild provision, but not really about how it fits within the new ordinance or anything else about the new ordinance. So I don't – I don't know how we can address that. Well, Your Honor, I think the district court and this court can address the issue of whether the denial of the permits is proper. Then, as to the question of what relief is proper, if – if, you know, that's – we didn't get to that stage because this was resolved on a motion to dismiss. Now, could the – could the district court say – find that, yes, the – the old sign ordinance was unconstitutional, the permits were wrongfully denied, but now what relief do I grant? And then we could get into the issue of whether – whether the new sign ordinance needs to be brought in by amended or supplemental. But we didn't get to that point. You're focusing on whether the denial of your client's applications for permits under the old sign ordinance was wrongful and therefore – and you were injured for that period by not being able to – to establish signs. And so there were damages associated with the period between the time the permit application was denied and the time that the old sign ordinance was invalidated. Is that – At a minimum and possibly going forward, depending on whether the new sign ordinance could be deemed to be, you know, retroactively – Well, that's not before us right now, right? Right. Right. But, yes, my point is that there is at least a window during which my client was damaged because it was wrongfully denied a permit. And I – And did you argue this to the district court? Because it wasn't clear to me from the district court's opinion that the district court understood that that was what it was supposed to be ruling on. I believe we did, Your Honor. I believe we did address that point, that we were challenging specifically the rebuild provisions – or the old ordinance as – That's what I thought you were saying. No, the rebuild provisions in light of the – excuse me, the ordinance in light of the rebuild provisions. I mean, I – Have the rebuild provisions changed? Not to my knowledge, Your Honor. So I believe the same issue – you know, obviously, at the time my clients applied for the permits, the old ordinance was in effect. So I wouldn't – you know, I can't challenge the denial – I can't challenge the new sign ordinance on the basis of that denial at that point in time. Have they reapplied under the new ordinance? Not as of yet. Okay, well, how about the rebuild provision? What's wrong with it? Well, Your Honor, what's wrong with it is that the rebuild provision – or more specifically, the sign ordinance in light of the rebuild provision creates a distinction based not on anything that has anything to do with safety and aesthetics. Under – what my client is proposing to do would leave – would not increase the number of billboards. It wouldn't change the location. Might not diminish the number quite as much. I mean, the city seems to be pretty candid in saying, look, we're trying to balance elements. We'd like to eliminate billboards. We don't want to pay for it. So we put together a scheme that will cause an erosion in the number or an evolution toward a smaller number of billboards. And your alternative would seem to counter whatever erosion there would be because it would make it commercially viable for people to put up new billboards in the same location so the reduction in the number of locations wouldn't be accomplished. Well, Your Honor, the point is that the city has not – did not produce any evidence, did not make any findings for this proposition that there will be an erosion of the number of billboards. It's simply speculation. Does it have to make findings? Doesn't it just have to come up with a rationale? No, Your Honor. Your Honor, the Supreme Court in greater New Orleans said that mere speculation or conjecture is not enough to support the governmental interest needed to regulate commercial speech. And, for example, in the liquor advertising cases, 44 Liquor Mart, and I believe it was the Coors Brewing cases, the government argued that, well, if we allow liquor companies to advertise the – or to label the amount of alcohol content, then that will lead to increased consumption. It will lead to wars in which companies try to sell the highest octane liquors that they can, and that would be a bad thing. And the court said that's not good enough, that that kind of speculation, you know, simply saying, well, it's just common sense that this will happen, isn't good enough. It has to be supported by something. And, Your Honor, we're quite prepared to go back to the district court and address the factual question of whether having – of whether the city's policy that it claims will lead to this erosion of the number of billboards does, in fact, do it. Because our position is that it doesn't. And – You're going to have to decide this case based on what is before us at this posture. And, in your view, everything is before us that we need in order to get the results you want. I think – I think the result that I'm asking for is simply that you reverse and remand so that we can proceed with discovery and a factual presentation. But what did you complain about? Don't we have to look to see what you complained about? Yes, absolutely. And what did you complain about, so far as you're concerned? We complained about the denial of – there were two specific permit applications that were denied under the old sign ordinance. And, as a result, my client was not – was denied the opportunity to have its billboards. As the judge pointed out to you, the old sign ordinance no longer exists. So we can't rule on that one, can we, at this point? Absolutely, Your Honor. Otherwise, the city or any other governmental body could evade judicial review by amending an ordinance every time it's challenged after someone's already been denied rights. If you're going to erect a sign today, what ordinance do you have to follow? If a permit was being applied for today, that would be under the new sign ordinance. And we look at it to see what was the condition when you applied, don't we, and what the ordinance specified when you applied. Exactly. I'd like to reserve my remaining time. Thank you. Good morning, Your Honors. May it please the Court, Kenneth Fong for City of Los Angeles. I would just like to respond briefly to a couple of points that opposing counsel made. One, I want to clear up the procedural history of this case. What happened is the city brought a motion to dismiss directed all claims in the complaint. Judge Collins, she dismissed the challenge to the rebuild provision. And then she specifically stated that I cannot rule on the damage claim directed to the old ordinance because I don't have enough facts before me. It's not proper in a motion to dismiss. So we discussed this with opposing counsel, and the parties entered into a stipulation to dismiss, and then we drafted a judgment for Judge Collins to assign. So the damage claim directed at the old sign ordinance was dismissed. And so what's before you now is simply the constitutionality of the rebuild provision. Well, but the rebuild provision isn't ‑‑ I don't see any way to analyze them as challenging the rebuild provision. There's nothing wrong with the rebuild provision. It's the sign ordinance that prevents them from erecting their signs. I mean, they're not saying the rebuild provision is unconstitutional. They're saying the sign ordinance is unconstitutional because the rebuild provision fatally undermines it. Well, I understand what you're saying, but I've read all the briefs, and they seem to be challenging. They're focusing their challenge on the rebuild provision. They seem to want to have the court interpret the rebuild provision to allow them to put brand-new billboards at the same time. Well, that would be a state law issue, right, that the city has erroneously interpreted the rebuild provision as not allowing them to rebuild. But I don't see how that raises a constitutional issue absent this metromedia-type argument. I agree with you, and that's also the court had asked us to address standing. And in the letter brief from the city, we pointed out that even if the rebuild provision is entirely stricken, the new sign ban is in place. It's been upheld three times by different panels of the Ninth Circuit during the last three years. So it's pretty well settled that the sign ban, the new sign ban, is enforceable. And so there's no way for them to get around that, and they cannot meet the request. I guess the question is whether the rebuild is an integral part of the package. That is, if the city has an interest in the rebuild provision to avoid blight and the deterioration in signs, and I guess the hidden premise here, or not so hidden, is that if the city was faced with the ordinance or wouldn't enact the ordinance in the same fashion if the rebuild provision couldn't be part of it. Well, my response to that would be the city would still impose its ban on off-site commercial signs, which it has now in place. The rebuild provision is a necessary adjunct to that because, as the court below noted, the city has an obligation to legal non-conforming billboards to allow them to preserve their rights. And so we have the rebuild provision to allow them reasonable maintenance, which state law in the Outdoor Advertising Act, Section 54112, also requires us to do. So as the court recognized earlier, we're simply trying to balance our obligations to existing billboards. And at the same time … Well, that may open the door to standing. I mean, this is really the question. If the rebuild provision is really a central component or a necessary piece to the sign ordinance, such that taking it out causes the city to be liable to people who have signs already, violate state law, whatever else, does that open the door to standing for these plaintiffs? No, I don't think it does. Because it's nice to have the rebuild provision, but even if we did not have it on the books, we would have to comply with state law. We would have to comply with the Outdoor Advertising Act. We would have to comply with the Takings Clause. We couldn't simply deny existing billboards the right to reasonably maintain their billboards. So if we say, for some reason, the rebuild provision is invalid. Yes. Would that cause the new ordinance to fall because there's a provision in it that says, if any part of this, you know, non-severability provision, any part of this ordinance is determined to be invalid, the whole ordinance fails? So by force of law, would our determining that the rebuild provision is invalid, would that cause the new ordinance to fall? No, no, Your Honor. It's exactly the opposite. We've been down this road many times, and we have a severability clause which says the opposite. If any provision is stricken, then the rest of the sign ordinance remains in place. And I would also say that the rebuild provision, it is an easily severable part of the sign ordinance. The sign ban can still remain in place, and there are other cities that have enforceable sign bans that don't have the rebuild provision. Let me get back to the procedural posture just one more time. Is there any part then, if the damage claim was dismissed, is there any part of the old sign ordinance that is still before us, that is still being challenged by this appeal? I don't believe so. Other than the rebuild provision. The rest of it is no longer before us. That's correct. Okay. And I just wanted to add a few other things, if I might. When it comes to the question of standing, it really is the property owner that holds the land on which these billboards are sited that has the property interest. I think it's entirely speculative of a billboard company to say that if the rebuild provision is stricken or if it's interpreted in a way that favors us, that we are necessarily going to enjoy the right to put up a billboard, because you also have the property owners who have the last say in that. And, you know, they're not a part of this case. So I would just throw that out. And the last thing that I wanted to add was this case was briefed in 2009. And in that time, the Ninth Circuit has dealt with several other billboard cases. And I wanted to focus. One of the key issues at play here is whether the city has a right to distinguish between different classes of billboards. The two classes of billboards here would be the entirely new billboards that Show Media is proposing and the already existing billboards that are allowed to stay up despite the city's imposition of a sign ban. And a very similar issue came up last year when we were before the Ninth Circuit in the case of Vanguard v. City of Los Angeles, 648 F. 3rd, 737. And at page 745, with the Court's indulgence, I'll just read this quote. And it was dealing with a claim by that sign company that the city could not treat legally nonconforming billboards differently from the new billboards that Vanguard wanted to erect. So this is what the panel said at that point. And what page are you reading? 745 from the Vanguard case. The city is certainly entitled to treat signs permitted before the off-site and supergraphic sign bans differently than other signs, both because preserving legally nonconforming billboards still furthers the city's significant interest in reducing blight and increasing traffic safety, even if all billboards are not eliminated, and because the city may have to pay the owners to take legal nonconforming billboards down. And then there is a cite to the Maldonado case, which is also a Ninth Circuit case from 2009, which discusses legal nonconforming rights. So with that, unless there are further questions. What about the rebuild provision? Does it reduce the number of signs? Yes, I would say that it is designed to do that, because what it allows is existing billboards can stay up. But at some point, landowners may decide to do other things. They might develop their property for a shopping center. They might do a number of other things. And then at that point, they will terminate the lease with the existing billboard company, and the existing billboard company will take their billboards out. And because of the rebuild provision, it's clear that new billboards cannot come in. So this is very... It shouldn't have come in if the owner changed the property to a shopping center. Well, that's true. How does the rebuild provision assist the reduction of... Well, what the rebuild provision does is it freezes all of the existing... And then the purpose is that over time, as sign companies decide to leave, as their leases are terminated, they're going to be gone. And it's going to be a gradual process. But over time, the number of existing billboards will be reduced. And that's the same thing that happened in the Ackerley v. City of Seattle case that we cite in our briefs. In that case, it was... There was a regulatory scheme that the City of Seattle had imposed in conjunction with the sign ban that allowed legal nonconforming preexisting signs to be relocated. But once they went to a site that conformed with the new billboard regulations, they had to stay there. And then what that statutory scheme also said is that we were not going to allow... What that said is that as the leases for these legal nonconforming sites expire, it's going to reduce the number of existing billboards in the city. So the end result is very similar to what the city is trying to achieve through the rebuild provision. Thank you very much. Thank you. Your Honor, I find... I don't see how the city can plausibly contend that it's speculative to say that show media is damaged when it's denied the right to put up billboards. I want to be... Is that damage claim dismissed as opposing counsel's ad? So the damage claim relating to the old ordinance? Your Honor, what happened was the district court's order actually discusses first the issue of mootness. And if I may, beginning on page six of the court's ruling and in the conclusion of the discussion of that section on page eight of the court's order, it says that is not to say that plaintiff's claim for damages for permits wrongfully denied under the old sign ordinance and the ICO are mooted by the passage of a new ban on offsite signs. They are not. So the court looked at the injunctive relief issue and said, well, that's moot now. But now I'm going... The court proceeded to discuss the interplay of the sign ban and the rebuild provision under its discussion of 12B6. So it's very clear. But the district court discussed the rebuild provision, but is it correct that the dismissal, the judgment dismissed any damage claim? I'm just looking. I do have the judgment here, and it says dismissed all the complaint except for plaintiff's 1983 damage claim directed at the old sign ordinance. Yes, but before that, Your Honor, because there were issues where there were other aspects of the sign ordinance that were at issue in the initial complaint. But at the start of the court's conclusion, the court says first denies the motion for more definite statement. Then it grants the motion to dismiss the injunctive relief and declaratory claims. And then the next bullet point is the court grants the city's motion to dismiss plaintiff's claims directed at 91, the rebuild provision, and dismisses those claims with prejudice. So the... So where are you reading from? I'm reading from page 17 of the district court's order, which would be in volume one of the excerpts of record. I've got page 17 in front of me. So what was it that was left after the dismissal that became the subject of the stipulated dismissal? There were challenges to some of the extent of the city's discretion. I look at the next page, 18. The court denies the city's motion to dismiss plaintiff's damages claim directed at the old sign ordinance. That appears to be what was dismissed by stipulation. The portions that didn't relate to this issue that we're talking about. You didn't have a damages claim based on the rebuild provision. You had a damages claim based on the denial of the permit under the old sign ordinance, which the court appeared to deny the city's motion to dismiss about. I mean, how did you have a damage claim with regard to the rebuild provision? You weren't seeking to rebuild. That wasn't what the permit application was about. Well, it is, Your Honor, in the sense that we're seeking to rebuild an entire sign as opposed to merely doing it in 50 percent increments as an existing property. So are you saying that the rebuild provision was wrongly interpreted by the city and that had they correctly interpreted it, they would have realized that you could do 100 percent rebuild? It's like an error of state law or state interpretation? No, Your Honor. I'm saying that the city has drafted a provision that doesn't accomplish what it claims it's supposed to accomplish. And the reason it doesn't is to make it unconstitutional. I mean, cities do that all the time, right? But in the context of First Amendment cases. In the context of the sign ordinance, not in the context of just the rebuild provision. Right. But under Central Hudson, it's not enough. If the city passes an ordinance that doesn't directly advance the asserted governmental interest, then it can't stand. It's not enough for the city to – Everyone was permitted to have a sign. So there was no sign ban. There was no ordinance at all. And then the city enacted a rebuild provision that affected people with grandfathered signs. Would that make any difference to you? Would it be unconstitutional? Would there be any problem with it? So in other words, your client can go out and get a permit. Anyone can get a permit to erect a sign. And they also have this rebuild provision. So what would make the rebuild provision unconstitutional or invalid? Well, under that hypothetical, it might still matter because it would deny my client the ability to – if this hypothetical ordinance still restricted my client from replacing signs on existing locations. It doesn't. It doesn't restrict anything. It doesn't exist. You're free to do whatever you want. So what's wrong with the rebuild provision under that hypothetical? Well, the rebuild provision would, I think, be moot under that type of ordinance because if you can put up a new sign at the same location, then the fact that you can repair – Would it be unconstitutional? If it doesn't actually restrict anything, then no. I don't think an ordinance that restricts nothing would be unconstitutional. Thank you. Thank you. We thank both counsel for your arguments. Thank you. We will take a – before we get to the next argument, we will take a 10-minute recess. Otherwise, we'll report this down to the 10-minute recess.
judges: Farris, Clifton, Ikuta